IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) SANMINA CORPORATION, ) ) Defendant. ) | CIVIL ACTION NO. _____ JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Linda Ponder ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity below, Defendant Sanmina Corporation ("Defendant") discriminated against Charging Party in violation of the ADA by terminating her employment because of her disability and the need for a reasonable accommodation.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed in Madison County, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division.

## PARTIES

3.      The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been doing business in the State of Alabama and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Charging Party filed a Charge of Discrimination with the Commission alleging violations of the ADA.

8.      On May 20, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 17, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least December 5, 2022, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, as amended, 42 U.S.C. § 12101, *et seq*. Specifically, the Defendant discriminated against Charging Party by terminating her because of her disability and the need for a reasonable accommodation in violation of 42 U.S.C. § 12112(a) and (b)(5)(B), as amended.

14. Charging Party is an individual with a disability under Section 3 of the ADA, 42 U.S.C. § 12102. Charging Party has an impairment, osteoarthritis, that causes pain in her knee and back, which substantially limits major life activities of musculoskeletal function and walking, standing, and bending.

15. Charging Party also has the impairments of asthma, which substantially limits the major life activity of breathing, and hypertension, which substantially limits the major life activities of functions of the circulatory and cardiovascular system.

16. Charging Party is a qualified individual under Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

17.     She successfully performed the essential functions of an ECN (Engineer Change Notice) Analyst throughout the time she worked in that position for Defendant.

18.     Defendant hired Charging Party in 1988.

19.     She worked as an ECN Analyst from 2011 to 2022.

20.     As an ECN Analyst, Charging Party participated in the production of Defendant's products. Her job duties included taking documents and materials from customers, making them into usable documents for engineers, and entering them into the company's system. She coordinated interactions with engineering, manufacturing, field operations, and marketing to ensure appropriate changes were documented. Her job required knowledge of various software applications and production processes.

21.     All of Charging Party's job duties could be performed remotely from Defendant's facility located in Huntsville, Alabama.

22.     When working onsite at Defendant's facility, Charging Party was at Defendant's plant located at 13000 South Memorial Parkway, Huntsville, AL 35803.

23.     Defendant has around 1,400 employees at its Huntsville location.

24.     Before March 2020, Charging Party's osteoarthritis had worsened, causing more pain and difficulty in getting in and out of her car and walking across Defendant's parking lot to her work area.

25.     Charging Party was not able to find an available handicap space in the parking lot on most days. She had made complaints about not being able to park in a handicap space.

26.     On or around March 2020, Defendant allowed many of its employees, including Charging Party and other ECN Analysts, to work from home full-time because of the COVID-19 pandemic.

4

27. On or around February 2022, Defendant provided notice to employees who were working remotely, including Charging Party, that they were to return to work onsite at its Huntsville facility.

28. On or around February 22, 2022, Charging Party sent an email to a Human Resources Manager with an attached note from her doctor. In her email, Charging Party made a request to continue working from home because of her health conditions. Charging Party explained that she had osteoarthritis in her knees and back that made it difficult to get in and out of her car and to walk and that she also had asthma, hypertension, and borderline diabetes that put her at higher risk of serious complications from COVID-19.

29. On or around March 2, 2022, the Human Resources Manager responded by email that she would follow up, but Charging Party could continue to work from home in the meantime.

30. On or around March 11, 2022, Charging Party sent an email asking if the Human Resources Manager had an update on her request to continue working from home and stating that employees had been told they had to return to working onsite at Defendant's facility by March 15, 2022.

31. On or around March 11, 2022, the Human Resources Manager replied by email stating that Charging Party could remain working from home until further notice.

32. After replying to Charging Party by email on or around March 11, 2022, the Human Resources Manager did not communicate any further with Charging Party regarding her accommodation of continuing to work from home.

33. From around March 2020 to December 5, 2022, Charging Party worked from home without any impact on her productivity or responsibilities.

34. From February 2022 to December 5, 2022, Defendant did not communicate to Charging Party of any additional job duties or training that required her to be physically present onsite at Defendant's Huntsville facility.

35. From February 2022 to December 5, 2022, Defendant never offered or discussed with Charging Party alternative arrangements or modifications to Charging Party's accommodation of continuing to work from home.

36. On or around December 5, 2022, Defendant notified Charging Party that it was terminating her employment. The termination was effective on December 6, 2022.

37. Charging Party was the only employee from her department that was terminated. Charging Party's job responsibilities were absorbed by the two ECN Analysts remaining in the department. Those two ECN Analysts did not have disabilities and had returned to working at Defendant's Huntsville facility.

38. Charging Party was the only employee with an accommodation of working from home at Defendant's Huntsville location who was terminated in December 2022.

39. Charging Party worked from home and sought to continue doing so because of her disability.

40. Defendant terminated Charging Party based on her disability.

41. Allowing Charging Party to work from home was a reasonable accommodation for her disability.

42. Defendant terminated Charging Party because of the need to make a reasonable accommodation to her disability.

43.     The effect of the practices complained of in paragraphs 13 through 42 above has been to deprive Charging Party of equal employment opportunities and adversely affect her status as an employee because of her disability.

44.     The unlawful employment practices described paragraphs 13 through 42 above were intentional and done with malice or with reckless disregard of Charging Party's federally protected civil rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from basing any employment decision on an employee's disability or the need for a reasonable accommodation.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical and job search expenses.

E.     Order Defendant to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above,

including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

KARLA GILBRIDE
General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

*/s/ Marsha Lynn Rucker*

Marsha Lynn Rucker (PA 90041)
Regional Attorney
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205